FILED
U.S. DISTRICT COURT
    DIV.

2005 OCT 31  AM 9: 30

CLERK
        GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| PAUL M. HOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 605-094 |
| ) | |
| WARDEN BILLY TOMPKINS and ) | |
| COMMISSIONER JAMES E. DONALD, ) | |
| ) | |
| Defendants. ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed. Now that the Magistrate Judge has identified previous federal cases commenced by Plaintiff that were not disclosed, as required by the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia," Plaintiff has suddenly recovered from his memory lapse and sets out to explain his prior filing history in detail.

The question on the complaint form concerning a litigant's prior filing history asks, "While incarcerated or detained in any facility, have you brought any lawsuits in federal court which deal with facts other than those involved in this action?" (Doc. no.1, p. 2). Plaintiff checked "No."[1] (Id.). Plaintiff now argues that the question is ambiguous, and despite the clear language regarding incarceration or detention in any facility, he maintains that he thought the

---

[1] As the Magistrate Judge noted, Plaintiff has actually filed three prior lawsuits: (1) Hood v. Parker, 2:1987-cv-00048 (N.D. Ga. Apr. 8, 1987); (2) Hood v. Brown, 6:1992-cv-00059 (S.D. Ga. May 19, 1992); and (3) Hood v. Thomas, 6:1992-cv-00093 (S.D. Ga. July 7, 1992).

question meant "'while incarcerated under this particular sentence and not while incarcerated at any time." (Doc. no. 7, pp. 2-3). The language is clear that a prisoner plaintiff must disclose <u>any</u> federal lawsuits that were brought while the prisoner plaintiff was incarcerated or detained in <u>any</u> facility.[2] The restriction suggested by Plaintiff concerning disclosure of cases filed only while he has been incarcerated for the particular sentence he is now serving is simply not supported from a plain reading of the text.

Moreover, Plaintiff concedes that he has previously filed cases that were not disclosed.[3] (<u>Id.</u> at 3-4). Although Plaintiff takes issue that none of his cases should be counted against him because they were not dismissed as frivolous, malicious, or for failure to state a claim, the Magistrate Judge did not base his recommendation for dismissal based on an accumulation of strikes under 28 U.S.C. § 1915(g). Rather, the recommended sanction was based on Plaintiff's failure to disclose his prior filing history on a complaint form that Plaintiff declared, under penalty of perjury, contained information that was true and correct. (Doc. no. 1, p. 5). None of Plaintiff's contentions undermine the conclusion that the noted cases were commenced in federal court, regardless of how far they may or may not have progressed.

Finally, allowing Plaintiff now to simply acknowledge what he should have disclosed when he first filed this case would hardly serve as a sanction for his abuse of the judicial process.

---

[2] The definition for "any" in <u>Webster's New Collegiate Dictionary</u> (1981 ed.) includes "every" and "all."

[3] Plaintiff correctly points out the scrivener's error in the statement that <u>Hood v. Brown</u> and <u>Hood v. Parker</u> were consolidated. However, the footnote is correctly affixed to <u>Hood v. Thomas</u>, and it is clear - both from the identical prisoner identification numbers and the 1992 filing dates - that <u>Hood v. Brown</u> and <u>Hood v. Thomas</u> were the two cases that were consolidated. Moreover, the list of defendants in each case closely resemble each other. C.O. II Jimmy P. Brown, Albert G. Thomas, Tommy Dubberly, Ray Hightower, Helen Burkhalter, and Donald Lewis in <u>Hood v. Brown</u>, and Albert G. Thomas, Tommy Dubberly, Ray Hightower, Jimmy Brown, and Helen Burkhalter in <u>Hood v. Thomas</u>. In any event, the recommendation for dismissal is based on the failure to disclose prior filings, not whether the prior cases were consolidated. Plaintiff concedes that he has a prior filing history that was not disclosed.

Plaintiff did not disclose or attempt to explain his filing history until after his incomplete disclosures had been identified by the Magistrate Judge.[4] Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Therefore, the motion to proceed *in forma pauperis* is **DENIED**, and this action is **DISMISSED** without prejudice.[5]

SO ORDERED this 31st day of Oct., 2005.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4]The Court notes that Plaintiff raised an "objection" to the Magistrate Judge's Order denying the motion for appointment of counsel. (Doc. no. 7, pp. 6-7). However, Plaintiff offers no basis for overturning the Magistrate Judge's ruling. Indeed, he states that he "respects the Magistrate Judge's decision to allow for consideration at a later time." (Id.). Thus, there is no basis for this Court to revisit the Magistrate Judge's sound reasons for denying Plaintiff's request for the appointment of counsel. (See doc. no. 6).

[5]Because the dismissal is without prejudice, Plaintiff may, subject to the parameters of the Federal Rules of Civil Procedure, file a new complaint, which would be given a new civil action number. Should Plaintiff choose to attempt to proceed *in forma pauperis* rather than pay the full $250.00 filing fee at the time he submits a new complaint, then he will also be held to the statutory requirements for *in forma pauperis* filings.